**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| TERRY D. PATTON,<br>Plaintiff,<br>v.<br>K. THORNTON, et al.<br>Defendant. | No. 2:25-CV-1816-ICD-P<br>ORDER<br>and<br>FINDINGS AND RECOMMENDATIONS |

Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the Court is Defendants' motion to dismiss. ECF No. 18. No opposition has been filed.

In considering a motion to dismiss, the Court must accept all allegations of material fact in the complaint as true. See Erickson v. Pardus, 551 U.S. 89, 93-94 (2007) (per curiam). The Court must also construe the alleged facts in the light most favorable to the plaintiff. See Scheuer v. Rhodes, 416 U.S. 232, 236 (1974); see also Hosp. Bldg. Co. v. Trs. of Rex Hosp., 425 U.S. 738, 740 (1976); Barnett v. Centoni, 31 F.3d 813, 816 (9th Cir. 1994) (per curiam). All ambiguities or doubts must also be resolved in the plaintiff's favor. See Jenkins v. McKeithen, 395 U.S. 411, 421 (1969) (plurality opinion). However, legally conclusory statements, unsupported by actual factual allegations, need not be accepted. See Ashcroft v. Iqbal, 556 U.S. 662, 678-79 (2009). In addition, pro se pleadings are held to a less stringent standard than those drafted by lawyers. See Haines v. Kerner, 404 U.S. 519, 520 (1972) (per curiam).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief" in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). However, to survive

dismissal for failure to state a claim under Rule 12(b)(6), a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Id. at 555-56. The complaint must contain "enough facts to state a claim to relief that is plausible on its face." Id. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Id. (quoting Twombly, 550 U.S. at 556). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" Id. (quoting Twombly, 550 U.S. at 557).

In deciding a Rule 12(b)(6) motion, the Court generally may not consider materials outside the complaint and pleadings. See Cooper v. Pickett, 137 F.3d 616, 622 (9th Cir. 1997). The Court may, however, consider materials even when a motion to dismiss is not converted into a summary judgment motion if they fit strict criteria: (1) documents physically attached to the complaint or whose contents are explicitly alleged in the complaint and whose authenticity no party questions, see United States v. Ritchie, 342 F.3d 903, 908 (9th Cir. 2003); (2) documents whose authenticity is not in question, and upon which the complaint necessarily relies, see Lee v. City of Los Angeles, 250 F.3d 668, 688 (9th Cir. 2001); and (3) documents and materials of public record of which the court may take judicial notice, see Barron v. Reich, 13 F.3d 1370, 1377 (9th Cir. 1994).

## I. PLAINTIFF'S ALLEGATIONS

Plaintiff contends that on March 17, 2024, he and Inmate Thomas engaged in a physical altercation in Facility C. See ECF No. 1 at 10. Plaintiff claims he subsequently told Defendants Lane and Thornton that he did not want to return to Facility C. See id. Plaintiff asserts that Defendant Ramsey took no action to prevent future altercations involving Inmate Thomas. See id. Plaintiff was later returned to Facility C. See id.

On July 23, 2024, Plaintiff and Inmate Thomas engaged in another physical altercation.

See id. As a result, Plaintiff was sent to the Restrictive Housing Unit (RHU) the same day. See id. at 11. During his appearance before the Institution Classification Committee (ICC) on August 15, 2024, Plaintiff requested a transfer to a non-Facility C housing unit, citing his safety as a concern. See id. at 10. Notwithstanding Plaintiff's concerns, the ICC released him back to Facility C that day. According to Plaintiff, it was "obvious" that both "inmates and staff were watching and waiting" for something to happen to him. Id. at 8. The same day, and after only "a couple hours in the cell," Plaintiff was attacked by an inmate. Id. Plaintiff was stabbed eight times, beaten, and choked. See id.

Plaintiff was transferred back to the RHU on August 16, 2024, based upon confidential information provided to Defendant Ramsey indicating that Plaintiff would be assaulted if he remained in Facility C. See id. at 10. Plaintiff contends that this transfer was a "blatant attempt to cover up" the attack. Id. Plaintiff asserts that each named defendant violated his rights by failing to take reasonable measures to guarantee his safety after he expressed his need for a transfer from Facility C. See id. at 9. Plaintiff also alleges that Defendant "Richards told me that the only way he could help me transfer is if I tell him where phones weapons or drugs are at [sic]." Id. at 12.

## II. DISCUSSION

In their motion to dismiss, Defendants argue that Plaintiff's complaint must be dismissed because Plaintiff failed to exhaust administrative remedies prior to filing suit, in violation of the Prison Litigation Reform Act (PLRA). Specifically, Defendants contend that the claims described in Plaintiff's complaint are not the same as those described in the prison grievance Plaintiff submitted—which is referenced in the complaint—thereby improperly circumventing the prison grievance process. See ECF No. 18 at 8–9. Defendants have also filed a request for judicial notice in support of their motion to dismiss. ECF No. 18-1. As explained below, the Court grants the request for judicial notice but, construing the complaint and the judicially noticed grievance in the light most favorable to Plaintiff, rejects Defendants' exhaustion arguments.

### A. Request for Judicial Notice

Defendants ask the Court to take judicial notice of Grievance Log No. 624080 and submit a declaration from A. Cross, a Correctional Counselor II Supervisor at High Desert State Prison,

attesting to its authenticity. See ECF Nos. 18-1, 18-2. Defendants argue that this grievance log may be judicially noticed because it has been incorporated into the complaint by reference and it is a state record not subject to dispute. See ECF No. 18-1 at 2.

A fact is judicially noticeable when it is not subject to reasonable dispute and "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(2). Judicial notice is mandatory if "a party requests it and the court is supplied with the necessary information." Fed. R. Evid. 201(c)(2). Judicial notice may be taken at "any stage of the proceeding." Fed. R. Evid. 201(d). The Court may take judicial notice of a "record of a state agency not subject to reasonable dispute." City of Sausalito v. O'Neill, 386 F.3d 1186, 1224 n.2 (9th Cir. 2004). A court may also take judicial notice of "records and reports of administrative bodies." Interstate Nat. Gas Co. v. S. Cal. Gas Co., 209 F.2d 380, 385 (9th Cir. 1953). However, a court cannot take judicial notice of disputed facts contained in public records. See Lee v. City of Los Angeles, 250 F.3d 668, 689–90 (9th Cir. 2001).

The incorporation-by-reference doctrine permits a court to consider a document "if the plaintiff's claim depends on the contents of a document, the defendant attaches the document to its motion to dismiss, and the parties do not dispute the authenticity of the document, even though the plaintiff does not explicitly allege the contents of that document in the complaint." Knievel v. ESPN, 393 F.3d 1068, 1076 (9th Cir. 2005); see also Marder v. Lopez, 450 F.3d 445, 448 (9th Cir. 2006). This judicially created doctrine "prevents plaintiffs from selecting only portions of documents that support their claims, while omitting portions of those very documents that weaken — or doom — their claims." Khoja v. Orexigen Therapeutics, Inc., 899 F.3d 988, 1002 (9th Cir. 2018). In Knievel, for example, the Ninth Circuit considered the web pages surrounding an allegedly defamatory photograph and caption under the incorporation-by-reference doctrine, even though the complaint attached only the photograph and caption. Knievel, 393 F.3d at 1076–77. But "if the document merely creates a defense to the well-pled allegations in the complaint, then that document did not necessarily form the basis of the complaint." Khoja, 899 F.3d at 1002. "Otherwise, defendants could use the doctrine to insert their own version of events into the complaint to defeat otherwise cognizable claims." Id. The doctrine "is not a tool for defendants to

short-circuit the resolution of a well-pleaded claim." Id. at 1003.

Under normal circumstances, "[t]he mere mention of the existence of a document is insufficient to incorporate the contents of a document." Id. at 1002 (quoting Coto Settlement v. Eisenberg, 593 F.3d 1031, 1038 (9th Cir. 2010)). The incorporation-by-reference doctrine is only appropriate "if the plaintiff refers extensively to the document or the document forms the basis of the plaintiff's claim." Id. (quoting United States v. Ritchie, 342 F.3d 903, 907 (9th Cir. 2003)). If a court takes judicial notice of a document, it must specify what facts it judicially notices from the document. See id. at 999. Further, "[j]ust because the document itself is susceptible to judicial notice does not mean that every assertion of fact within that document is judicially noticeable for its truth." Id. For example, in Khoja, the Ninth Circuit explained that the court may take judicial notice of the fact that there was a conference call on a specified date but may not take judicial notice of a fact mentioned in the transcript because the substance "is subject to varying interpretations, and there is a reasonable dispute as to what the [document] establishes." Id. at 999–1000.

Here, Defendants request that the Court take judicial notice of a grievance log referenced in an attachment to the original complaint and attested to by a checkmark indicating that administrative remedies have been exhausted. See ECF No. 1 at 3, 26–27. Plaintiff attached as an exhibit a letter from the Office of Grievances detailing its reasons for denying Plaintiff's claim and outlining how to file an appeal. These passing references do not incorporate the underlying grievance into the complaint because Plaintiff does not "refer[] extensively to the document." Khoja, 899 F.3d at 1002 (quoting Ritchie, 342 F.3d at 907). Furthermore, Plaintiff's claims do not depend on the contents of the grievance log; Plaintiff is under no obligation to demonstrate proper exhaustion of administrative remedies until Defendants actively raise the matter as an affirmative defense. See Jones v. Bock, 549 U.S. 199, 216 (2007) (holding that "inmates are not required to specially plead or demonstrate exhaustion in their complaints"). The Court therefore rejects Defendants' argument that the grievance is incorporated by reference into the complaint.

Nevertheless, because Grievance Log No. 624080 is an administrative record of a state body whose authenticity is not in dispute, it can be judicially noticed as a matter of public record

for the purposes of ruling on a motion to dismiss under Rule 12(b)(6). See Lee, 250 F.3d at 689 (explaining that a court may judicially notice matters of public record unless the matter is a fact subject to reasonable dispute). Therefore, Defendants' request to take judicial notice will be granted. Consistent with Khoja, the Court takes judicial notice of the existence and content of Grievance Log No. 624080, including what Plaintiff explicitly wrote in his grievance, but not of the truth of any disputed facts stated within it. See Khoja, 899 F.3d at 999.

**B. Exhaustion of Administrative Remedies**

Defendants advance two arguments for dismissal based on a failure to exhaust administrative remedies. First, Defendants contend that the safety concerns detailed in the grievance are not the same as those detailed in the complaint. See ECF No. 18 at 8. Second, Defendants contend that they were not properly identified in the grievance form, preventing adequate administrative action. See ECF No. 18 at 9. The Court rejects these arguments.

i. Alleged Incongruence Between the Grievance Form and the Complaint.

The PLRA provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title . . . until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Exhaustion is mandatory, and prisoners must exhaust all "available" administrative remedies. Woodford v. Ngo, 548 U.S. 81, 85 (2006). Failure to exhaust under the PLRA is "an affirmative defense the defendant must plead and prove." Albino v. Baca, 747 F.3d 1162, 1166 (9th Cir. 2014) (en banc) (quoting Jones v. Bock, 549 U.S. 199, 204, 216 (2007)), abrogated in part on other grounds by Perttu v. Richards, 605 U.S. 460, 475 (2025). Dismissal of a complaint for failure to exhaust administrative remedies is appropriate under Rule 12(b)(6) only in the "rare event" when failure to exhaust is clear from the face of the complaint. See id.

The prison's requirements, not the PLRA, define the boundaries of proper exhaustion. Jones, 549 U.S. at 218. The level of detail required in a grievance will vary "from system to system and claim to claim." Id. If the level of factual specificity in a grievance is not defined in the prison's grievance procedures, then "'a grievance suffices if it alerts the prison to the nature of the wrong for which redress is sought.'" Griffin v. Arpaio, 557 F.3d 1117, 1120 (9th Cir. 2009)

(quoting Strong v. David, 297 F.3d 646, 650 (7th Cir. 2002)). The grievance must "provide enough information . . . to allow prison officials to take appropriate responsive measures." Id. at 1121 (quoting Johnson v. Testman, 380 F.3d 691, 697 (2d Cir. 2004)).

Here, Defendants contend that the procedures for administrative remedies were subverted because the safety concerns detailed in the grievance are not the same as those detailed in the complaint. See ECF No. 18 at 8. According to Defendants, Plaintiff's complaint asserts that Defendants failed to protect him from the August 15 attack, but in the grievance form, he only protested a transfer to Facility D after the August 15 attack. Id. Defendants argue that Plaintiff did not allege in the grievance form that he told anybody that his transfer to Facility C prior to August 15 would threaten his safety, nor that it was improper. Id. at 8–9. Defendants read the grievance form as primarily focused on his transfer to Facility D, only mentioning his transfer to Facility C and the attack on August 15 as "context" for his actual grievance. Id. at 9.

The Court cannot read Plaintiff's grievance form so narrowly. According to the judicially noticed grievance form, Plaintiff wrote: "On July 23rd I got stabbed on C yard patio. While in Ad-seg I asked about a transfer was it an option? [sic] The warden told me I had to say I have safety or enemy concerns. So while I stayed back here in 2-unit because of me having weapons [sic]. I got kicked out August 15th back to C-yard. [sic]" ECF No. 18-2 at 4. The grievance form then goes on to allege other requests for transfers and other denials. See id. at 5. Read in the light most favorable to Plaintiff, the grievance put the prison on notice that Plaintiff was concerned for his safety and sought a transfer from the warden before the August 15 attack. That Plaintiff also protested his later transfer to Facility D does not change this conclusion.

ii. Failure to Identify Defendants in the Grievance Form.

Defendants also argue that Plaintiff's grievance "fails to identify Defendants as responsible for the conduct at issue," thus violating Cal. Code Regs. tit. 15, § 3482(c)(2) (2024). ECF No. 18 at 9. This argument fails. Defendants concede that a grievance need not identify all defendants in order to exhaust administrative remedies. See id. Under the PLRA, a grievance "suffices if it alerts the prison to the nature of the wrong for which redress is sought . . .. The grievance process is only required to 'alert prison officials to a problem, not to provide personal

notice to a particular official that he may be sued.'" Reyes v. Smith, 810 F.3d 654, 659 (9th Cir. 2016) (quoting Sapp v. Kimbrell, 623 F.3d 813, 824 (9th Cir. 2010)). As Defendants also concede, Plaintiff's written grievance mentioned the warden and an "investigative employee" who were presumably tasked with following up with Plaintiff. See ECF No. 18 at 9. This means the prison had sufficient notice to investigate the nature of the wrong and the parties involved, at least one of whom is mentioned explicitly in the grievance form. See id.

Therefore, reading the complaint and the judicially noticed grievance in the light most favorable to Plaintiff, the Court cannot conclude that Plaintiff's failure to exhaust is clear on the face of the complaint. See Albino, 747 F.3d at 1166. The grievance put the prison on notice of Plaintiff's claim that the prison had failed to protect him despite adequate warning, and the PLRA did not require Plaintiff to name each Defendant in his grievance. Defendants' motion to dismiss should therefore be denied without prejudice to Defendants' raising exhaustion in a properly supported motion for summary judgment.

///

///

///

///

///

///

///

///

///

///

///

///

///

///

///

## III. CONCLUSION

Based on the foregoing, the undersigned orders and recommends as follows:

1. It is ORDERED that the Clerk of the Court is directed to randomly assign a District Judge to this case.

2. It is RECOMMENDED that Defendants' motion to dismiss, ECF No. 18, be DENIED without prejudice to renewal as a motion for summary judgment at a later stage of these proceedings.

3. It is FURTHER RECOMMENDED that Defendants be required to file an answer in which they may assert lack of exhaustion as an affirmative defense.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within **14 days** after being served with these findings and recommendations, any party may file written objections with the court. Responses to objections shall be filed within **14 days** after service of objections. Failure to file objections within the specified time may waive the right to appeal. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: October 9, 2026

ILA C. DEISS
UNITED STATES MAGISTRATE JUDGE